**IN RE: HONEY PRODUCTION MARKETING AND SALES PRACTICES LITIGATION.**

**MDL No. 2374.**

United States Judicial Panel on Multidistrict Litigation.

Aug. 2, 2012.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, W. ROYAL FURGESON, JR., BARBARA S. JONES, PAUL J. BARBADORO, and CHARLES R. BREYER, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:** [*] Pursuant to 28 U.S.C. § 1407, plaintiff in a Southern District of Florida action moves to centralize this litigation in the Central District of California. This litigation currently consists of eight actions,[1] as listed in Schedule A, pending in three districts one in the Central District of California, two in the Northern District of California, and five in the Southern District of Florida. The Panel has been notified of four additional, potentially related actions.

Other than the movant, only defendants Target Corporation and HoneyTree Inc. support centralization, albeit in the Southern District of Florida. All other responding parties oppose centralization.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Although the actions share some common factual ques-

tions regarding the filtration of pollen from honey products, these questions do not appear sufficiently complex or numerous to justify Section 1407 transfer at this time. In contrast, the differences among the actions are both significant and numerous. The actions involve different defendants, marketing different honey products, and involve different state regulations subject to different legal challenges by the defendants. Plaintiffs have not alleged any conspiracy, collaboration, or other industry-wide conduct by the defendants that would justify centralizing actions naming different honey retailers and producers as defendants. Available alternatives to centralization may minimize whatever possibilities exist of duplicative discovery or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the action listed on Schedule A is denied.

## SCHEDULE A

MDL No. 2374 — **IN RE: HONEY PRODUCTION MARKETING AND SALES PRACTICES LITIGATION**

*Central District of California*

*Bertha Cardona v. Target Corporation, et al.,* C.A. No. 2:12–01148

*Northern District of California*

*Gregory Brod v. Sioux Honey Association, Cooperative,* C.A. No. 3:12–01322

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

1. The Section 1407 motion was originally filed by the plaintiff in an action pending in

the Central District of California. That action was subsequently remanded and the Section 1407 motion amended to substitute another plaintiff as the movant.

*Soraya Ross v. Sioux Honey Association, Cooperative,* C.A. No. 3:12–01645

*Southern District of Florida*

*Sheri Bowers v. Sioux Honey Association, Cooperative,* C.A. No. 1:12–21034

*Reyna Guerrero v. Target Corporation,* C.A. No. 1:12–21115

*Belen Paugh v. Walgreen Company,* C.A. No. 1:12–21229

*Elaine Levy, et al. v. Wal–Mart Stores, Inc.,* C.A. No. 1:12–21607

*David Goldblatt v. Sioux Honey Association, Cooperative,* C.A. No. 9:12–80362

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.